BENJAMIN THOMAS, JR., et al., complainants and appellants,

v.

THE BOARD OF EDUCATION OF THE CITY OF PATERSON et al.,
defendant, THOMAS J. BROGAN, respondent.

[Submitted July 8th, 1912.    Decided March 3d, 1913.]

1. An assignment should be construed liberally against the assignor, but if its language be plain and definite, especially as to describing the subject-matter assigned, there is no need for extending its effect by construction.

2. An assignment purported to cover the retained fifteen per cent. of the contract price of a building, specifying the amount of such percentage as a gross sum. The contract contained provisions as to extras and the fifteen per cent. clause was applicable thereto.—*Held*, that the assignment was limited to the gross sum named therein as assigned.

3. *Sullivan* v. *Visconti*, 68 *N. J. Law* (39 *Vr.*), 543, distinguished.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Stevenson, whose opinion is reported *ante p. 94*.

The litigation arose under the act of 1892, relating to liens on moneys growing due on municipal contracts for public improvements (*P. L. p. 369; Comp. Stat. p. 3315*), and the controversy brought up by this appeal was between the complainants as claimants under a stop notice, and the respondent claiming under assignment from Maloney, the original contractor, to one Farnon, and further assignment from Farnon to respondent, Brogan. The fund available amounted to $589.59, and the stop notice called for $806.10, but claimants at the hearing limited their claims to $400, being the amount awarded for extra work in excavation, conceding that the claim of Brogan under the assignments, which was prior in time, was superior to theirs as against the $189.59 remainder of the fund; but asserting that the assignment from the contractor to Farnon which controlled

the claim of Brogan, did not cover the allowance of $400 for extras. The vice-chancellor decided that it did, and awarded the whole fund to Brogan. From this decision complainants appeal.

*Mr. William B. Gourley,* for the appellants.

*Mr. John J. Fallon,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

The decision of this case turns on the operation and effect of the assignment from the contractor, Maloney, to Farnon. Maloney had a contract with the board of education for the building of a school house at a lump figure of $33,886, payable monthly on the basis of eighty-five per cent. of work done as certified by the architect, the other fifteen per cent. to be retained as a guarantee until the final completion of the building. The contract contained provisions that if the board should request alterations, &c., during the work they should not void the contract, but be added or deducted from the contract price as the case might be, by a fair and reasonable valuation; that no extra work should be done without a written order from the architect and an express agreement in writing not only as to the alteration itself but as to the cost; also a provision that the written consent of the board through its architect should be the only authority to vary, alter, amend or change the contract or any of the plans or specifications. Maloney defaulted and abandoned the work, which was taken up and completed by his bondsmen, and on a final adjustment of all matters under the contract the sum of $589.59 remained as a balance to meet claims under the act and otherwise, after satisfying the bondsmen.

With these facts in mind we turn to the assignment to Farnon. It recites that Maloney has made his note to Farnon at six months for $2,200, and that Brogan has endorsed it; that Maloney has the school contract above mentioned; that fifteen per cent. of the contract price is to be retained until thirty days

after completion; that such fifteen per cent. of the contract price amounts to the sum of $5,082.90; and continues as follows:

"Now therefore, as collateral security for the payment of the said note hereinbefore mentioned, and the renewals thereof, I do hereby assign and set over and transfer, unto the said Thomas Farnon, Jr., the said payment of the said sum of Five Thousand Eighty two dollars and ninety cents according to the terms of this assignment, and the conditions of the specifications of, and the said contract, and all my right, title and interest therein; and I do hereby constitute and appoint the said Thomas Farnon, Jr., my true and lawful attorney, in my name but at his own cost and charges, to take all legal measures which may be necessary to enforce the payment of the said Five Thousand Eighty two dollars and ninety cents, according to the terms and stipulations of the said specifications and the said contract.

"Upon conditions, however, if the said certain promissory note made by me, hereinbefore first above mentioned, bearing even date herewith, or the renewals thereof, is well and truly paid, according to the terms thereof, then this assignment is to be void, and of none effect."

The subsequent assignment from Farnon to Brogan recites the assignment to Farnon to secure the note; that the note was not paid; that Farnon recovered judgment on it against Maloney as maker and Brogan as endorser, and that Brogan has paid the judgment; assigns the rights of Farnon in the "said sum of money in the aforesaid assignment mentioned" with a power of attorney to take legal means

"to enforce the payment of the said sum of $5,082.90 according to the terms and stipulations of the said contract and specifications or so much thereof as may be required for the payment of the said judgment."

The vice-chancellor held that the first assignment "must be deemed an equitable assignment from Maloney to Farnon of the entire fifteen per cent., which under the terms of the contract was to be reserved by the board of education and was to become payable upon a certain condition thirty days after the completion of the work." Accordingly, and apparently on the assumption that the entire balance of $589.59 was comprised within the reserved fifteen per cent. he adjudged it to have passed under the assignments. We find little, if any, proof that this sum was wholly made up of retained money; on the con-

trary there is good ground for holding that of it $400 is the claim for extra excavation, allowed after the contractor had defaulted and the work was taken up for completion by his bondsmen, so that on the vice-chancellor's own construction of the assignment but fifteen per cent. of this $400 could pass to Brogan. But apart from this we are of opinion that he gave too broad an effect to the Maloney assignment. It does recite that fifteen per cent. of the "contract price" is retained; but in express terms it declares that said fifteen per cent. amounts to the sum of $5,082.90 and assigns the payment of that specific sum and nothing else. Farnon's understanding of what he took is shown by his assignment to Brogan and his power of attorney to sue, not for fifteen per cent. whatever it may amount to, but for the sum of $5,082.90, or such part thereof as may be required to satisfy the judgment. Under such circumstances, to say that the assignment covered more than fifteen per cent. of the lump price fixed by the contract is to give it an effect beyond its clearly expressed language and unwarranted by any reasonable construction thereof. At best it was ineffective to transfer to the assignee more than sufficient to meet the note, with interest and costs, and so was really an equitable assignment of part of a designated fund, and confined to that fund as rigidly as the order in *McMurray* v. *Sisters of Charity, 68 N. J. Law (39 Vr.) 312,* was confined to the eighth payment under the contract in that case; and the assignment in the case at bar having specifically designated the sum of $5,082.90, being fifteen per cent. of the contract price, as the fund from which the debt was payable, it does not affect the allowance of $400 for extras.

The case of *Sullivan* v. *Visconti, 68 N. J. Law (39 Vr.) 543,* is not opposed to this view. In that case an assignment by one of a firm of a contract described as being his, but shown to be that of his firm, was upheld as against a subsequent assignment by the other partner in the name of the firm. But it clearly appeared that there was only one such contract and if the earlier assignment did not pass the contract rights there was nothing on which it could operate. But in this case there was just such a fund as precisely answered the description; and while an assignment should be construed liberally as against the assignor, if its

language is plain and definite there is no need for extending its effect by construction. *4 Cyc. 74.*

The decree brought up should be reversed with directions to enter a decree awarding to complainants below. the sum of $400 of the fund. Appellants are entitled to costs in this court.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY—14.